UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ATHEA ELIZABETH BELL MANUEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00045-GZS |
| | ) | |
| LABOR READY INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION
ON MOTION TO DISMISS
(DOC. NO. 12)**

Athea Manuel, a seasoned pro se litigator in this Court, has filed a new complaint alleging employment discrimination by one individual and three corporate entities. This particular complaint involves events which occurred in June 2011 when Manuel went to a labor employee service seeking employment. Athea claims the service and others proceeded to deny her employment based on racial discrimination. The complaint, both in word processing format (including illegible fonts that are extremely tiny) and legal causes of action, is very similar to Athea Manuel's earlier case, even though the precipitating events differ. See Manuel v. City of Bangor Gen. Assistance, 1:11-cv-00357-DBH. That case is currently on appeal to the First Circuit Court of Appeals following dismissal by the District Court based upon a recommended decision that led to *sua sponte* dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When a district court has promulgated a local rule, such as the District of Maine's Local Rule 7(b), which requires a party to file a written objection to any motion, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion. Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002); ITI

Holdings, Inc.v. Odom, 468 F.3d 17 (1st Cir. 2006) (applying the holding of Nepsk to Rule 12(b)(6) motions).  The only limitation on this discretion is that an order dismissing the case must "not clearly offend equity" or be inconsistent with the Federal Rules of Civil Procedure. Nepsk, 283 F.3d at 7.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted."  In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery.  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008).  To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully;  a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

With these precepts in mind I will briefly discuss the merits of the current motion filed by defendants American Tescor, LLC and Merchants Information Solutions, Inc.  (Doc. No. 12.) The motion is well reasoned and delineates numerous reasons why all eight counts of the employment-based action fail, including not only Iqbal related concerns, but most predominately the fact that Manuel has never exhausted available administrative remedies with the EEOC or parallel state agencies.  Manuel has not bothered to respond to this motion.  Defendants were obviously put to considerable expense in responding to the allegations of the lengthy complaint. If ever a case called for the application of Local Rule 7(b) and the dismissal of the complaint, this case is the one where the complaint should be dismissed with prejudice and without further

discussion. Nevertheless, even if Manuel had responded to the motion, short of producing evidence that she had exhausted the available administrative procedures, the defendants would be entitled to have their motion granted on the merits.

Based upon the foregoing, I recommend that the Court grant the motion to dismiss for all of the reasons set forth in the motion and dismiss this action with prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 3, 2012                          /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge